**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT A. WATSON, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 2:24-cv-2227-JPM-cgc |
| v. | ) | |
| | ) | |
| GOLDEN NORTH VAN LINES, INC., and | ) | |
| SERENA KRAFT | ) | |
|     Defendants. | ) | |

**ORDER ON MOTIONS IN LIMINE**

Before the Court are Plaintiff Robert A. Watson's ("Plaintiff's") and Defendants Golden North Van Lines, Inc. ("Golden North") and Serena Kraft's ("Kraft's") (collectively, "Defendants'") Motions in Limine. (ECF Nos. 78–80, 85, 86, 88.)

## I.    PLAINTIFF'S MOTIONS IN LIMINE

### A.    Motion in Limine 1—Exclusion of References to Plaintiff's Divorce (ECF No. 85)

Plaintiff seeks to exclude testimony regarding allegations that Plaintiff received employee compensation through RMW-CRS, rather than RMW, to attempt to hide assets from his ex-wife. (ECF No. 85 at PageID 2525.)  Plaintiff argues the divorce allegations are irrelevant to the case, unfairly prejudicial, risk misleading the jury, and are improper character evidence.  (Id. at PageID 2526 (citing Fed. R. Ev. 402; Fed. R. Ev. 403; Fed. R. Ev. 404).)

Defendants argue the Court should not exclude references to Plaintiff's divorce, as they (1) provide necessary context as to why Plaintiff was employed by RMW-CRS, and thus has probative value under Federal Rule of Evidence 403; (2) show intent and an absence of mistake in the underlying claims under Federal Rule of Evidence 404(b)(2); and (3) can be used on cross-

examination under Federal Rule of Evidence 608(b), as it is probative of Plaintiff's character for truthfulness.  (ECF No. 97 at PageID 2681–82.)  The Court addresses each in turn.

>    i.    *Rule 403*

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Ev. 403.

Defendants argue evidence of Plaintiff's divorce and his attempt to hide money from his ex-wife has probative value, as it provides necessary context as to why Plaintiff was employed by RMW-CRS.  (See ECF No. 97 at PageID 2681.)  The Court finds this argument unavailing.  Any probative value regarding evidence of Plaintiff's divorce is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.  See Fed. R. Ev. 403.  The claims at issue do not stem from Plaintiff's divorce, but rather from Kraft's statements.  (See ECF No. 76 at PageID 2469–70.)  Evidence of Plaintiff's divorce risks misleading the jury into thinking the defamatory statements are related to Plaintiff's divorce.  See Fed. R. Ev. 403.  Furthermore, Defendants' argument that evidence of Plaintiff's divorce provides necessary context as to why Plaintiff was employed by RMW-CRS is unavailing.  (See ECF No. 97 at PageID 2681.)  It is unnecessary to provide evidence of Plaintiff's divorce to show why Plaintiff received compensation from RMW-CRS.  Indeed, in their Joint Proposed Pretrial Order, the Parties stipulated to the fact that "[Plaintiff] was not on RMW's payroll; rather, he was employed by [RMW-]CRS and was being paid by [RMW-]CRS."  (ECF No. 93 at PageID 2653.)  Evidence regarding Plaintiff's divorce and possibly related activities would be unfairly prejudicial, confusing, and misleading.

> ii.    *Rule 404(b)*

"Evidence of any other . . . wrong . . . is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Ev. 404(b)(1).  "[Such] evidence[, however,] may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Ev. 404(b)(2).

In determining whether to admit the evidence under Rule 404(b), the Court conducts a three part analysis.  See United States v. Mack, 258 F.3d 548, 553 (6th Cir. 2001).  "First, the [Court] must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred."  Id.  "Second, the [Court] must make a determination as to whether the 'other act' is admissible for a proper purpose under Rule 404(b)."  Id.  "Third, the district court must determine whether the 'other acts' evidence is more prejudicial than probative under Rule 403."  Id. (citing United States v. Gessa, 971 F.2d 1257, 1261–62 (6th Cir. 1992)).

Defendants argue evidence of Plaintiff using RMW-CRS to hide assets from his ex-wife shows intent or absence of mistake, as Plaintiff allegedly similarly used his now-wife's account to deposit the SCAC Fees.  (ECF No. 87 at PageID 2682 (citing ECF No. 68-1 at PageID 876–79.)

The Court finds Defendants' argument unavailing.  Under the first prong of the analysis, there is sufficient evidence that Plaintiff hid assets from his ex-wife, as he admitted it under oath. (See ECF No. 75 at PageID 2002.)  As to the second prong under Rule 404(b), even if this prong is satisfied,[1] the evidence regarding Plaintiff's divorce as analyzed under the third prong is more prejudicial than probative and risks confusing the issues.  See Section I.A.i.  The Court thus excludes the evidence under Rule 404(b).  See Mack, 258 F.3d at 553.

---

[1] It does not appear that the second prong is satisfied.  The Court need not address this prong further, since admission of the proposed evidence fails under the third prong.

       *iii.*      *Rule 608(b)*

In civil cases, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." Fed. R. Ev. 608(b)(1).

Due to the prejudicial, confusing, and misleading nature of the evidence of Plaintiff's divorce, see supra Section I.A.i, the Court exercises its discretion and excludes such evidence on cross-examination even though it may be related to Plaintiff's character for truthfulness. See United States v. Vinson, 606 F.2d 149, 156 (6th Cir. 1979) (citing Fed. R. Ev. 608(b)(1)).

       *iv.*     *Conclusion on Plaintiff's Motion in Limine 1*

For the reasons given above, the Court **GRANTS** Plaintiff's Motion in Limine 1.  (ECF No. 85.)

    **B. Motion in Limine 2—Exclusion of Any Evidence or Reference to Law Enforcement Investigations (ECF No. 88)**

The Court previously entered a Consent Order Excluding Evidence or References to Law Enforcement Investigations and Lack of Criminal Prosecution.  (ECF No. 98.)  In the Consent Order, the Parties agreed to exclude any evidence or reference to law enforcement investigations. (Id. at PageID 2684.)  Accordingly, the Court **GRANTS** Plaintiff's Motion in Limine 2.[2]  (ECF No. 88.)

---

[2] This issue can be revisited if necessitated by Plaintiff's testimony at trial.

## II.    DEFENDANT'S MOTIONS IN LIMINE

### A.    Motion in Limine 1—Exclusion of Any Evidence of Plaintiff's Not Being Criminally Charged (ECF No. 78)

The Court previously entered a Consent Order Excluding Evidence or References to Law Enforcement Investigations and Lack of Criminal Prosecution.  (ECF No. 98.)  In the Consent Order, the Parties agreed to exclude any evidence of Plaintiff's not being criminally charged.  (Id. at PageID 2684.)  Accordingly, the Court **GRANTS** Defendants' Motion in Limine 1.  (ECF No. 78.)

### B.    Motion in Limine 2—Exclusion of Any Evidence or Argument About Alleged Slander (ECF No. 79)

Defendants seek to exclude any evidence of alleged slanderous statements by Kraft to Plaintiff.  (ECF No. 79-1 at PageID 2494.)  Defendants argue, because the statute of limitations regarding any slander in March 2023—when the alleged defamation took place—has passed, the Court should exclude any evidence of slander.  (Id. (citing Tenn. Code Ann. § 28-3-103).)

Plaintiff counters that a statute of limitations is a defense, not a rule of evidence, and thus has no bearing on the admissibility of evidence.  (ECF No. 83 at PageID 2518–19 (citing Black L. Enf't Officers Ass'n v. City of Akron, 824 F.2d 475, 482–83 (6th Cir. 1987)).)

The Court finds Plaintiff's argument persuasive and **DENIES** Defendants' Motion in Limine 2.  "The decision whether to admit evidence is based on its relevancy and probativeness, . . . not on whether the evidence is derived from events that occurred prior to a certain time period." Black L. Enf't Officers, 824 F.2d at 483 (citing Fed. R. Evid. 401; Fed. R. Ev. 403).  Defendants, however, do not address any rules of evidence in their briefing.  (Cf. ECF No. 79-1.)  Accordingly, the Court does not categorically bar any evidence or argument about alleged slander.  Defendants may make specific objections, based on rules of evidence, to any evidence or argument about alleged slander as it may arise.

### C. Motion in Limine 3—Exclusion of Any Evidence of Plaintiff's Self-Publishing of Allegedly Defamatory Statements (ECF No. 80)

Defendants move to "prohibit[] Plaintiff . . . from offering any evidence of alleged self-publication by him of allegedly defamatory statements." (ECF No. 80 at PageID 2496.) Defendants argue any evidence of self-publication is irrelevant because self-publication does not satisfy the publication element of defamation. (ECF No. 80-1 at PageID 2499 (citing Sullivan v. Baptist Mem'l Hosp., 995 S.W.2d 569, 570 (Tenn. 1999).)

Plaintiff counters that Defendant misapply the law of Sullivan. (ECF No. 84 at PageID 2521 (citing 995 S.W. 2d at 570).) Plaintiff counters he would not introduce any self-publication evidence to satisfy the elements of his defamation claim. (Id. at PageID 2523.) Rather, Plaintiff would use self-publication evidence "to support his claim for damages and show how he attempted to mitigate his damages." (Id.)

The Court finds Plaintiff's argument persuasive and **DENIES** Defendants' Motion in Limine 3. (ECF No. 80.) The Tennessee Supreme Court expressly rejected the doctrine of self-publication to satisfy the publication element of defamation. See Sullivan, 995 S.W.2d at 573–74. Plaintiff, however, is not introducing evidence of self-publication to satisfy the publication element of defamation. (See ECF No. 84 at PageID 2523.)[3] Plaintiff seeks to introduce evidence of self-publication to establish damages. (Id.) To that end, evidence of self-publication is relevant. Plaintiff needing to tell potential employers he was terminated for "stealing" or "embezzling" is relevant to establishing any damages Plaintiff may have suffered in the "future work" category of loss. See Fed. R. Ev. 401. It is thus admissible. Fed. R. Ev. 402.

---

[3] To the extent Plaintiff does so, Defendants may object pursuant to Sullivan. See 995 S.W.2d at 573–74.

### D. Motion in Limine 4—Exclusion of Any Testimony or Argument That Plaintiff is Entitled to Damages due to Termination of Employment by RMW (ECF No. 86)

Defendants moves to exclude any testimony or argument that he is entitled to damages due to his termination from RMW.  (ECF No. 86 at PageID 2529.)  Defendants argue any evidence of damages from Plaintiff's termination from RMW is irrelevant and unfairly prejudicial because Plaintiff was not paid by RMW.  (Id. at PageID 2533.)  Rather, Plaintiff was paid and received benefits from RMW-CRS, a separate entity.  (Id. at PageID 2531–32 (citing ECF No. 74-1 at PageID 1758–59; ECF No. 86-1 at PageID 2539–40, 2543, 2559–60).)

Plaintiff counters that Defendants' Motion in Limine 4 is an improper attempt to exclude a legal claim of damages, rather than a proper evidentiary motion.  (ECF No. 94 at PageID 2672.)  Plaintiff argues Defendants' attempt to exclude inconsistent testimony should be rejected, and Defendants can impeach Plaintiff at trial if necessary.  (Id. at PageID 2673 (citing Koshani v. Barton, No. 3:17-cv-265, 2019 WL 7288152, at *3 (E.D. Tenn. Apr. 1, 2019).)

The Court finds Plaintiff's argument persuasive.  The Court will not categorically exclude in advance testimony or argument that Plaintiff is entitled to damages due to termination of employment by RMW.  See citing Koshani, 2019 WL 7288152, at *3.  Defendants, however, are free to impeach Plaintiff with his prior testimony.  See Fed. R. Ev. 613.  Defendants' Motion in Limine 4 is thus **DENIED**.  (ECF No. 86.)

## III.    CONCLUSION

For the above reasons, the Court enters judgment on Plaintiff's and Defendant's Motions

in Limine as following:

| ECF No. | Submitted by | Motion | Status |
|---------|--------------|--------|--------|
| 78 | Defendants | Exclude Any Evidence of Plaintiff's Not Being Criminally Charged | GRANTED |
| 79 | Defendants | Exclude Any Evidence or Argument About Alleged Slander | DENIED |
| 80 | Defendants | Exclude Any Evidence of Plaintiff's Self-Publishing of Allegedly Defamatory Statements | DENIED |
| 85 | Plaintiff | Exclude References to Plaintiff's Divorce | GRANTED |
| 86 | Defendants | Exclude any Testimony or Argument that Plaintiff is Entitled to Damages Due to Termination of Employment by RMW | DENIED |
| 88 | Plaintiff | Exclude any Evidence or Reference to Law Enforcement Investigations | GRANTED |

**SO ORDERED**, this the 3rd of June, 2025.


/s/ Jon P. McCalla
_____
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

8